# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-53-TLS |
| | ) | |
| JIMMY L. SEWELL | ) | |

**OPINION and ORDER**

This matter is before the Court on a Letter [ECF No. 150], filed by Defendant Jimmy L. Sewell on February 6, 2012. In his Letter, the Defendant asks the Court to get his jail record as proof that he never served any time for a state conviction for which he was assessed three criminal history points in this federal matter. He states, "Once it is proven I never serve any time in the Allen County Jail under Case Number [FD-640] I hope the three points be remove from my PSI!"( Letter 2.) He also writes that his next step will be to try to get time off his sentence because he ready to live a law abiding, drug-free life.

The Defendant's Letter does not invoke any particular rule or statute. This Court has limited authority to modify a defendant's sentence. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of the BOP where certain factors are present, "to the extent otherwise expressly permitted by statute or by Rule 35," or in accordance with a sentencing range that has subsequently been lowered by the Sentencing Commission). The Director of the BOP has not filed a motion with this Court and the Defendant's term of imprisonment was not based on a sentencing range that has been lowered. Rule 35(a) permits correction of a sentence that "resulted from arithmetical, technical, or other clear error" if the district court acts "[w]ithin 14 days after sentencing." Rule 35 also allows a court to reduce a sentence to reward post-sentencing substantial assistance to the

prosecution in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). The Defendant's Letter could not, and does not purport to, invoke Rule 35 as a basis for the requested relief.

Seventh Circuit case law dictates that any post-judgment motion in a criminal proceeding that fits the description of a motion to correct a sentence as set forth in 28 U.S.C. § 2255 should be treated as a request for relief under that statute. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Section 2255 permits a federal prisoner to attack his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although it appears that the Defendant believes that his sentence was based on an incorrect calculation of his Guideline sentence, particularly his criminal history category, his Letter reads more like a plea for the Court to get involved in discovery in the hope that, eventually, his sentence will be modified on the basis of the Court's investigation. Thus, the Court declines, at this time, to construe his Letter as a request for relief pursuant to § 2255.

Having construing the Defendant's Letter as a motion for the Court to engage in discovery, the Court now DENIES that motion [ECF No. 150]. If the Defendant desires to pursue relief under 28 U.S.C. § 2255, he may file a motion that substantially follows the form of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Clerk is directed to provide a blank form of this Motion to the Defendant.

SO ORDERED on March 21, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT